Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Allstar Marketing Group, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTAR MARKETING GROUP, LLC, <br><br> *Plaintiff* <br><br> v. <br><br> ANDNOV73, ATZIKL7933_1, BUYZOID, FLOWCARRYM_2, GRACEFULVARA, HGTTECH, I_POST, LILYBEIBEI, LO-2803, LOONGHEAD, LOOSEBEADS, MARCO_SHOP, NJO-121, ONESHOT77-7, PRIESTLYY, SHANGHAI123456, SHOP-VARIOUS, WHIS3PERSING5, WINEDYA622, WONDERFULMALL, XIAOBAICAI-20 and YAQFA-0, <br><br> *Defendants* | **CIVIL ACTION No. 20-cv-9069 (PKC)** <br><br> [~~PROPOSED~~] **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

## GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Allstar** | Allstar Marketing Group, LLC | N/A |
| **Defendants** | andnov73, atzikl7933_1, buyzoid, flowcarrym_2, gracefulvara, hgttech, i_post, lilybeibei, lo-2803, loonghead, loosebeads, marco_shop, njo-121, oneshot77-7, priestlyy, shanghai123456, shop-various, whis3persing5, winedya622, wonderfulmall, xiaobaicai-20 and yaqfa-0 | N/A |
| **Defaulting Defendants** | flowcarrym_2, hgttech, i_post, loonghead, loosebeads and xiaobaicai-20 | N/A |
| **eBay** | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products, which, upon information and belief, originate from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York | N/A |
| **Sealing Order** | Order to Seal File entered on October 29, 2020 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on October 29, 2020 | Dkt. 7 |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on October 29, 2020 | Dkts. 13-15 |
| **De Marco Dec.** | Declaration of Jennifer De Marco in Support of Plaintiff's Application | Dkt. 13 |
| **Yamali Dec.** | Declaration of Danielle (Yamali) Futterman in Support of Plaintiff's Application | Dkt. 14 |

i

| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on November 4, 2020 | Dkt. 4 |
|---|---|---|
| **PI Show Cause Hearing** | November 18, 2020 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | September 8, 2020 Preliminary Injunction Order | Dkt. 18 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as eBay, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Baseboard Buddy Product** | A multi-use cleaning duster that uses both a shape-adjusting head and Swivel technologies to clean at every angle and design | N/A |
| **Baseboard Buddy Mark** | U.S. Trademark Registration No. 4,016,645 for "BASEBOARD BUDDY" for hand-held baseboard cleaning implements, namely, a manually-operated handled implement, namely, a cleaning pad formed with a baseboard cleaning head in Class 21 | N/A |
| **Baseboard Buddy Works** | U.S. Copyright Reg. Nos.: PA 2-058-097 covering the Baseboard Buddy Commercial, VA 2-071-475 covering the Baseboard Buddy Instruction Manual, VA 2-070-567 covering the Baseboard Buddy Packaging and VA 2-071-468 covering the Baseboard Buddy Website | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Baseboard Buddy Mark and/or Baseboard Buddy Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baseboard Buddy Mark and/or Baseboard Buddy | N/A |

ii

| | | |
|---|---|---|
| | Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baseboard Buddy Mark and/or Baseboard Buddy Works and/or products that are identical or confusingly or substantially similar to the Baseboard Buddy Product | |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by eBay, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction against Defaulting Defendants filed on May 16, 2023 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Baseboard Buddy Mark, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on its First and Second Causes of Action pled against Defaulting Defendants in the Complaint;

## II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Fifty Thousand U.S. Dollars ($50,000.00) in statutory damages ("Individual Damages Award") against each of the six (6)

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

Defaulting Defendants pursuant to 15 U.S.C. § 1117(c) for a total of Three Hundred Thousand Dollars ($300,000.00), plus post-judgment interest.

### III.    Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Baseboard Buddy Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Baseboard Buddy Mark;

   B. directly or indirectly infringing in any manner any of Plaintiff's Baseboard Buddy Mark;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Baseboard Buddy Mark to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Baseboard Buddy Mark, or any other marks that are confusingly similar to the Baseboard Buddy Mark on or in connection with manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

   E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public to the affiliation, connection or association of any product

~~manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff and/or to the origin, source, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;~~

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

  i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

  ii. Defaulting Defendants' Assets; and

  iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's trademark or other rights including, without limitation, the Baseboard Buddy Mark, or bear any marks that are

confusingly similar to the Baseboard Buddy Mark pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this order are permanently enjoined and restrained from:

   A. operation of Defaulting Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products, including, without limitation, continued operation of Defaulting Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products in violation of this Order; and; and

   B. instructing, aiding or abetting Defaulting Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs III(1)(A) through III(3)(A) above, including, without limitation, by providing services necessary for Defaulting Defendants to continue operating Defaulting Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products in violation of this Order.

### IV.   Dissolution of Rule 62(a) Stay

4) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V. Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 14th day of August, 2023, at 4:45 p.m.

_____
P. Kevin Castel
United States District Judge